IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 15, 2020

**BILLY F. JOHNSON, III v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2000-B-1103     Jennifer Smith, Judge**

_____

**No. M2019-00910-CCA-R3-ECN**

_____

The pro se Petitioner, Billy F. Johnson, III, appeals the denial of his petition for writ of error coram nobis, alleging that he is entitled to relief based on newly discovered evidence of insanity.  Following our review, we affirm the judgment of the coram nobis court denying the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT W. WEDEMEYER, J., joined.

Billy F. Johnson, III, Clifton, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; and Glenn Funk, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In July 2000, the Petitioner was convicted of first degree premeditated murder, first degree felony murder, and theft of property, as a result of his killing the victim, Billy Wiggins, with a sledgehammer, and he was sentenced to an effective term of life imprisonment.  State v. Billy F. Johnson, No. M2001-00330-CCA-R3-CD, 2003 WL 358251, at *1 (Tenn. Crim. App. Feb. 18, 2003), perm. app. denied (Tenn. Sept. 2, 2003). This court affirmed the Petitioner's convictions and sentences on direct appeal, and the Tennessee Supreme Court denied his application for permission to appeal.  Id.

The subsequent case history was succinctly summarized by this court when it determined that the Petitioner's claim of incompetence did not justify tolling the statute of limitations for his post-conviction petition:

The Petitioner then filed a petition for the writ of habeas corpus in Federal court on March 14, 2006. The Federal court conducted an evidentiary hearing and found sufficient grounds to support proceeding with the Petitioner's petition. Subsequently, the State of Tennessee, on the Warden's behalf and as the Respondent, filed a motion to dismiss, and the Petitioner filed a response. The Federal court granted the motion to dismiss and dismissed the Petitioner's petition on March 26, 2010. On August 20, 2010, the Petitioner filed a petition for post-conviction relief. On September 14, 2010, the trial court dismissed the petition without a hearing, citing the Petitioner's failure to file within the limitations period. The Petitioner now appeals from this judgment.

. . . .

On appeal, the Petitioner argues that the post-conviction court erred when it dismissed his petition for post-conviction relief based upon the one-year statute of limitations and when it failed to grant him an evidentiary hearing. He asserts that due process requires the tolling of the post-conviction limitations period because of his mental incompetency and that the trial court erred when it denied him the opportunity for him to present a claim in a meaningful manner. The State argues that the trial court properly dismissed the petition as time-barred.

. . . .

[T]he Petitioner offers no support for his mental incompetence claims, providing no specific allegations to make a prima facie case that he is currently, or for the last seven years has been, unable either to manage his personal affairs or to understand his legal rights and liabilities. The Petitioner contends that due process requires tolling for incompetency solely upon his assertion of a mental illness. As our Supreme Court recognized in Nix, "mental illness is not the equivalent of mental incompetence." [State v. ]Nix, 40 S.W.3d [459,] 463 [(Tenn. 2001)]. Without satisfying the requirement of the prima facie showing, the Petitioner did not establish that due process required the tolling of the statute. Therefore, the trial court correctly dismissed the Petitioner's petition for post-conviction relief. As further support for our holding, and as noted by the trial judge in his order denying

- 2 -

the petition for post-conviction relief, the Petitioner alleged mental incompetence in his Federal petition for writ of habeas corpus, which the Petitioner filed more than four years before filing this post-conviction petition. The Petitioner directly presented his claim of mental incompetence to the Federal court, and he provides no reasoning as to his inability to also present such an issue in a timely manner in a petition for post-conviction relief. As a result, the trial court correctly dismissed the Petitioner's petition for post-conviction relief as time-barred.

Billy F. Johnson v. State, No. M2010-02099-CCA-R3-PC, 2011 WL 4452839, at *1, *3 (Tenn. Crim. App. Sept. 22, 2011).

On December 3, 2018, the Petitioner filed a petition for writ of error coram nobis in which he asserted that the psychiatric report that was prepared in 2007 during his federal habeas proceeding constituted newly discovered evidence that he suffered from a mental illness and was probably incompetent at the time of trial. He also averred that his mental illness prevented his petition for writ of error coram nobis from being barred by the statute of limitations.

On April 30, 2019, the coram nobis court entered an order denying the Petitioner's petition for writ of error coram nobis. The court determined that the petition was untimely and that the Petitioner failed to establish that equitable tolling of the statute of limitations was necessitated. In reaching this conclusion, the court found that even if the 2007 psychiatric report was deemed "later-arising," the Petitioner "fail[ed] to account for the additional delay of twelve years after its 'discovery' to file the instant petition." The court noted that the Petitioner "clearly managed to initiate federal habeas and state post-conviction proceedings in the period between his trial and the filing of this petition, undermining any claim of incompetence related to the timeliness of the instant case." The court observed that this court affirmed summary dismissal of an untimely post-conviction petition based on the same mental illness claims. The court also held that the Petitioner's mental condition could have been discovered at the time of trial and was therefore not "later-arising" within the meaning of the statute. The court further held that the psychiatric report did not establish that the Petitioner "was insane at the time of the offense or even address his mental state at the time of his offense."

The Petitioner appealed.

## ANALYSIS

On appeal, the Petitioner asserts that the coram nobis court erred by finding that his petition was time-barred and that his evidence did not constitute newly discovered evidence.

- 3 -

A writ of error coram nobis is an extraordinary remedy by which the court may provide relief from a judgment under only narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). Tennessee Code Annotated section 40-26-105 provides this remedy to criminal defendants:

> Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial. The issue shall be tried by the court without the intervention of a jury, and if the decision be in favor of the petitioner, the judgment complained of shall be set aside and the defendant shall be granted a new trial in that cause.

Tenn. Code Ann. § 40-26-105(b), (c).

Our supreme court has stated the standard of review as "whether a reasonable basis exists for concluding that had the evidence been presented at trial, the result of the proceedings might have been different." State v. Vasques, 221 S.W.3d 514, 525-28 (Tenn. 2007) (citation omitted). Coram nobis claims may be based upon any "newly discovered evidence relating to matters litigated at the trial" so long as the petitioner establishes that he or she was "without fault" in failing to present the evidence at the proper time. Harris v. State, 102 S.W.3d 587, 592 (Tenn. 2003). Coram nobis claims are "singularly fact-intensive," are not easily resolved on the face of the petition, and often require a hearing. Id. at 592-93. The decision to grant or deny coram nobis relief rests within the sound discretion of the coram nobis court. Vasques, 221 S.W.3d at 527-28. We review this issue, therefore, under an abuse of discretion standard.

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103; Harris v. State, 301 S.W.3d 141, 144 (Tenn. 2010), overruled on other grounds by Nunley v. State, 552 S.W.3d 800 (Tenn. 2018). The one-year statute of limitations may, however, be tolled on due process grounds if the petitioner seeks relief based upon newly discovered evidence of actual innocence. State v. Wilson, 367 S.W.3d 229, 234 (Tenn. 2012), overruled on other grounds by Nunley, 552 S.W.3d 800. In determining whether tolling is proper, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. Harris, 301 S.W.3d at 145 (citing Workman v. State, 41 S.W.3d 100, 102 (Tenn. 2001)). Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the

presentation of claims at a meaningful time and in a meaningful manner." Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). The Burford rule consists of three steps:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the ground for relief actually arose after the limitations period would normally have commenced; and

(3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995), overruled on other grounds by Nunley, 552 S.W.3d 800. Whether a claim is time-barred is a question of law, which we review de novo. Harris, 301 S.W.3d at 145 (citation omitted).

We affirm the coram nobis court's ruling. First, as determined by the coram nobis court, the Petitioner's claim does not satisfy the requirements of being considered "later-arising." Ignorance as to the existence of a claim does not create a "later-arising" claim for due process purposes. See Brown v. State, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996). The Petitioner points out in his brief that he had a history of mental problems; therefore, as determined by the coram nobis court, his mental condition could have been discovered at the time of trial and was therefore not "later-arising" within the meaning of the statute.

Moreover, even if we presume the 2007 psychiatric report qualifies as "later-arising," the Petitioner did not file the petition for writ of error coram nobis until more than eleven years later, essentially only after he exhausted his other avenues for relief. During the interim, the Petitioner "clearly managed to initiate federal habeas and state post-conviction proceedings in the period between his trial and the filing of this petition, undermining any claim of incompetence related to the timeliness of the instant case."

Furthermore, the Petitioner has made no showing that the 2007 report might have altered the outcome of his trial. This court affirmed summary dismissal of an untimely post-conviction petition by the Petitioner based on the same mental illness claims, Billy F. Johnson v. State, 2011 WL 4452839, at *3, and the federal habeas corpus court found no basis to support a mental health defense to the murder. See Billy Franklin Johnson, III, v. Cherry Lindamood, Warden, No. 3:06-0416, 2010 WL 1257798, at *21 (M.D. Tenn. Mar. 26, 2010), aff'd, 480 Fed. Appx. 394 (6th Cir. 2012).

The Petitioner claims that he is actually innocent in that he lacked the mens rea to commit the murder due to being insane at the time of the offense. He asserts that the 2007 psychiatric report established that he suffered from borderline personality disorder and that "[i]t stands to reason that the time of the offense is included in the time that [he] suffered from this disease or defect." Because of this, he avers, relying on this court's holding in Kevin Taylor v. State, No. M2003-02982-CCA-R3-CO, 2004 WL 2984857 (Tenn. Crim. App. Dec. 13, 2004), that the coram nobis court should have conducted a hearing for a deeper inquiry. However, Kevin Taylor involved the discovery of a new witness, and this court determined that a hearing should have been conducted to gauge the credibility of the new witness and what affect that testimony might have had on the jury's verdict. Id. at *3. Whereas, here, the Petitioner's mental condition was not a "later-arising" claim because it could have been discovered at the time of trial or at the very least was available to him in 2007 when the report was prepared during his federal habeas case.

The Petitioner also contends that his incompetence at the time of trial tolled the statute of limitations. However, as noted by the coram nobis court, the psychiatric report did not establish that the Petitioner "was insane at the time of the offense or even address his mental state at the time of his offense." In addition, the Petitioner had the wherewithal to pursue federal habeas and state post-conviction remedies, which undermines any claim of incompetence related to the untimeliness of this petition.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the error coram nobis court.

_____
ALAN E. GLENN, JUDGE

- 6 -